# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WELLS FARGO BANK, N.A.,**

      **Plaintiff,**

v.                                                                    Case No: 6:17-cv-19-Orl-18DCI

**IVAN URIBE, CLARISA BENLOLO,
STATE OF FLORIDA, OSAMA
ELGENDY, ANY AND ALL
UNKNOWN PARTIES, JOHN DOE,
JANE DOE and FABIOLA R. GILLIS,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 25)** |
| **FILED:** | **April 28, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND

On January 5, 2017, Defendant Ivan Uribe (Uribe), proceeding *pro se*, filed a Notice of Removal to this Court, seeking to remove a foreclosure action filed in the Ninth Circuit Court in and for Orange County, Florida. Doc. 1. In filing the Notice of Removal, Uribe paid the appropriate filing fee. *Id*. The action removed was originally filed in state court on April 9, 2012,

(Doc. 2) and, according to counsel for Plaintiff, the Notice of Removal was filed one day before the state court trial in this matter was set to begin. Doc. 10 at 1.

Following removal, Plaintiff had not filed any of the documents required by this Court and, as such, the Court entered an Order to Show Cause (Doc. 8) directed to Plaintiff. Shortly thereafter, Plaintiff filed an objection to the removal, explained that Plaintiff did not receive notice of the removal from the Uribe, and requested remand. Doc. 10.

On February 9, 2017, the Court entered an Order (Doc. 11) in which it stated that it construed Plaintiff's objection as a motion to remand, and directed any Defendant (including Uribe) to file a response thereto within fourteen days of the date of that Order. Neither Uribe, nor any other Defendant filed a response to the motion to remand.

On February 15, 2017, Plaintiff filed a response to the Order to Show Cause, wherein Plaintiff reiterated that it had not received from Uribe appropriate notice of the removal, and urged the Court to remand this action because the Court lacked subject matter jurisdiction and, even if the Court had subject matter jurisdiction, because removal was defective. Doc. 21.

On March 18, 2017, the Court remanded this case. Doc. 22.

On April 7, 2017, Uribe file a "Notice of Appeal" in which he stated that he appealed an order of a bankruptcy judge under 28 U.S.C. § 158(a) and (b) and specifically identified the Order of Remand (Doc. 22). Doc. 23. The Notice of Appeal contained no additional information concerning the basis of the appeal. *Id*. On April 28, 2017, Uribe filed an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis," (the Motion) in which he set forth his assets and liabilities. Doc. 25.

## II. DISCUSSION

"An appeal may not be taken *in forma pauperis* if the trial court certified in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3). Whether an appeal is taken in good faith is a matter within the discretion of the trial court. *See Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). Good faith in this context must be judged by an objective standard. *Busch*, 189 F.R.D. at 691. A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (discussing § 1915(e)(2)(B)); *see also Brown v. United States*, , 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Here, although the Court did not specify the reasons for remand in the Order (Doc. 22), Plaintiff sought remand on the basis of a lack of subject matter jurisdiction and due to defective removal. *See* Docs. 10; 21.[1] Uribe never responded to the motion to remand. The Supreme Court

---

[1] Although the objection to remand (Doc. 10), which the Court construed as a motion to remand, did not state in the clearest manner that the Court lacked subject matter jurisdiction or that removal was defective, the motion to remand clearly was premised on those arguments. Further, Plaintiff – represented by new counsel – clarified in its response to the Order to Show Cause that it sought remand because the Court lacked subject matter jurisdiction and because removal was defective. Doc. 21. Plaintiff's clarification of the bases for remand was filed well within the time for Uribe to respond to the motion to remand and, again, Uribe never responded.

has explained that an order remanding a matter to state court is not reviewable on appeal where, as here, remand is based upon a lack of subject matter jurisdiction or a defective removal:

> Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court. The general statutory provision governing the reviewability of remand orders is 28 U.S.C. § 1447(d). That section provides:
>
>> "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."
>
> As we explained in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), § 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). *Id.,* at 345–346, 96 S.Ct., at 590–591.
>
> As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).
>
> Section 1447(d) bars appellate review of the remand order in this case. As noted, § 1447(d) precludes appellate review of any order "remanding a case to the State court from which it was removed." The parties do not dispute that the District Court's order remanded this case to the Ohio state court from which it came. There is also no dispute that the District Court remanded this case on grounds of untimely removal, precisely the type of removal defect contemplated by § 1447(c). Section 1447(d) thus compels the conclusion that the District Court's order is "not reviewable on appeal or otherwise." See *Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) *(per curiam).*

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995).

Here, Uribe failed to respond to a motion to remand. That motion to remand raised both a defect in removal procedure and the Court's lack of subject-matter jurisdiction. Accordingly, the Court remanded this case. Uribe now seeks to appeal, but does not state the basis of his appeal in either the Notice of Appeal or the Motion, in which he seeks to proceed *in forma pauperis*. Accordingly, the undersigned finds that this appeal is frivolous, and is not taken in good faith.

Specifically, that appellate review is not available to Uribe, for the reasons set forth in *Things Remembered, Inc.*, 516 U.S. at 127–28.

Further, even if appellate review was not precluded by § 1447(d), an analysis of the Motion on its merits pursuant to § 1915(a)(3) leads the undersigned to the conclusion that the Motion is "without arguable merit either in law or fact." *Napier*, 314 F.3d at 531. Indeed, neither the Motion nor the Notice of Appeal give the undersigned any indication of the basis for the appeal. And, when considered in conjunction with the fact that Uribe failed to respond to the motion to remand the undisputed allegation that Uribe sought to remove this case (filed in state court in 2012) one day before the state court trial, the undersigned can only come to the conclusion that the sought after appeal is frivolous and simply an effort for Uribe to delay this proceeding and those moving forward in state court.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 25) be **DENIED**;
2. The Court certify the appeal is not taken in good faith; and
3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

**The Clerk is directed to send a copy of this report to Defendant Ivan Uribe by regular and certified mail.**

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 3, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties